

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
WILLIAM WILSON
ATTORNEY GENERAL.

Honorable Jno. Q. McAdams,         Opinion No. 0-5134
Commissioner
Department of Banking              Re:  Whether or not reports, docu-
Austin, Texas                           ments, instruments, or infor-
                                        mation in possession of the
                                        Banking Commissioner of Texas
                                        with respect to loan and bro-
                                        kerage companies doing busi-
                                        ness in Texas are privileged
Dear Mr. McAdams:                       matters.

        Your request for an opinion upon the above-captioned subject
matter is as follows:

        "A suit has been instituted by the Securities and Exchange
Commission against Investors Syndicate of America, Inc., and Investors
Mutual, Inc., in the Federal Court at Minneapolis, Minnesota. The
exact nature of the charges contained in the complaint have not been
communicated to this Department. Representatives of the Securities and
Exchange Commission have presented themselves to this office requesting
certain information relating to the business of these concerns within
this State. These Representatives have requested answers to the following:

"1.  Number of Investors in Texas holding debentures issued by Investors
     Syndicate.

"2.  The amount of outstanding certificates in Texas.

"3.  The amount if any, of deposits made by the Investers Syndicate
     within this State to secure certificates issued in Texas.

"4.  The type of certificates sold in Texas or authorized to be sold.

        "The information which this Department has in its file is com-
posed of annual statements filed by this concern pursuant to the pro-
visions of the statutes of this State, monthly statements submitted to
the Department pursuant to the provisions contained in a trust agreement
entered into by and between the Investors Syndicate and the Guardian
Trust Company, and the examination reports, which have been prepared
by examiners representing this Department making periodic examinations
as are required by law. A copy of such trust agreement is also on file
in this office pursuant to the provisions of the statute and copies of
the kinds of debentures issued are attached to and a part of this trust
agreement.

"In view of the request which has been made and the facts above recited we desire to have your answers to the following questions:

"1. Is the information contained in the foregoing documents on file in this department privileged or confidentail?

"2. Would the Banking Commissioner be authorized under the law to disclose to the representatives of the Securities and Exchange Commission answers to the questions which they have propounded, the answers to be compiled from the documents and papers above described?

"3. In the event that the Department should determine that the interest of the Securities and Exchange Commission and those of Texas investors are conflicting would the Department be authorized to deny the representatives of the Securities and Exchange Commission such information as it may desire?"

The question of the right of public inspection of the documents, papers, files, records and instruments whatsoever, constituting the files and archives of a State department is a constantly recurring one, and arises under a multiplicity of fact situations. In many instances the Legislature has prescribed a privilege or qualified privilege with respect to such matters, and in others it has not done so. In all cases, however, there is present as a consideration the public interest involved in a disclosure with respect to such matters.

Investors Syndicate of America, Inc. is a loan and brokerage company, organized under the laws of Minnesota, and doing business in Texas, under Article 1524a, Vernon's Civil Statutes of Texas. This Article provides for examination of such corporations by the Banking Commission, (Sec. 2), the publication by the corporation of certain statements, (Sec. 4), a submission by the corporation to the Banking Commissioner for approval certain deposits of securities for its bonds, notes, certificates, debentures, and other obligations, and shall submit to the Banking Commissioner for his approval specimen copies of such bonds, notes, certificates, debentures, or other obligations, to be offered for sale to the public, (Sec. 7), and requires the corporation's officers, directors, employees and agents to execute certain fidelity bonds, (Sec. 3).

The various provisions of the Act are made to apply to foreign corporations having permission to do business in Texas, (Sec. 10).

Now, the statute, while authorizing the Banking Commissioner to examine or cause to be examined such corporations, does not in anywise deal with the question of the privilege of such examiner's reports. There is no statute, so far as we have been able to discover, that bears upon the privilege of examiner's reports, or upon the other statements, instruments or information mentioned by you. So that, the matter

must be determined according to general law, and in the light of public policy.

In the absence of statute--the authoritative public policy of the State--no public officer should at any time do any act that would be harmful to the public interests. Such officer, therefore, is always clothed with a certain discretion in such matters as we are considering. Where no statute supervenes, and where no public interest could be prejudicially affected, there is no reason for denying the right of the public to inspect the records, files, documents, and the like archives of public offices or departments. Where there is reasonable probability of injury or hurt to the public interests, however, the custodian of such archives should deny the right of public inspection.

We discussed these general principles in Opinion No. O-4610, addressed to you, concerning a State bank in liquidation.

We also discussed the principles applicable to situations where there were not pertinent statutes in Opinions Nos. O-2044, O-3755 and O-3987, copies of which opinions we are handing you herewith.

Article 3722 of the Revised Civil Statutes makes it the duty of certain public officers, including the Banking Commissioner, to "furnish any person applying for the same with a copy of any paper, document or record in their offices, and with certificates under seal, certifying to any fact contained in the papers, documents or records of their offices." This Article, however, is to be considered in the light of what we have said with respect to privileged instruments or information. In other words, the statutory and other established rules of privilege, and this statute of evidence (Art. 3722) must be considered together and not as being in anywise contradictory or inconsistent; each must be respected.

In considering the question of the public interests involved in your present situation, you will of course bear in mind that the inquiry and request come from a department of the Government itself.

You are therefore respectfully advised that it is entirely within your official discretion to supply the information requested, or, if in that discretion you think it would be inimicable to the public interests, to deny such request. If you should exercise your discretion against granting the inspection, the matter would be subject to judicial review for any abuse of such discretion.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED JUL 20, 1943

Groover Sellers

By      /s/ Ocie Speer
        Ocie Speer
        Assistant

FIRST ASSISTANT
ATTORNEY GENERAL
OS-MR:br

ENCLOSURE